**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────────────

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

               **v.**        **13-CR-128A(Sr)**

**DAVID ALLEN VICKERS,**

      **Defendant.**

─────────────────────────────────────

## REPORT, RECOMMENDATION AND ORDER

      This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #9.

## PRELIMINARY STATEMENT

      The defendant, David Allen Vickers (hereinafter "defendant" or "Vickers") is charged in a single count Indictment with transportation of a minor in violation of Title 18, United States Code, Sections 2423(a) and (e).  Dkt. #8.  Presently pending before this Court are the defendant's motions to dismiss the Indictment (Dkt. ##18 and 19).  What follows is this Court's Report, Recommendation and Order with respect to those motions to dismiss.  This Court's Decision and Order with respect to defendant's motion for a bill of particulars will be filed separately.

## FACTS

**Procedural Background**

On or about May 16, 2013, the defendant was charged in a Criminal

Complaint with violating Title 18, United States Code, Section 2423(a), transportation of

a minor.  Dkt. #1.  More specifically, the Criminal Complaint alleged that from in or

about 2000 to in or about 2004, in the Western District of New York, the defendant

knowingly transported an individual who had not attained the age of 18 in interstate and

foreign commerce with the intent that the individual engage in sexual activity for which

the defendant could be charged with a criminal offense.  *Id*.  Thereafter, on June 5,

2013, a Federal Grand Jury in the Western District of New York returned a one-count

Indictment charging the defendant with a violation of Title 18, United States Code,

Sections 2423(a) and (e).  Dkt. #8.  The one-count Indictment read as follows:

> Between in or about 2000, and in or about 2004, the exact
> dates being unknown, in the Western District of New York,
> and elsewhere, the defendant DAVID ALLEN VICKERS, did
> knowingly transport and attempt to transport, Victim 1, a
> person known to the Grand Jury, an individual who had not
> attained the age of 18 years, in interstate and foreign
> commerce with the intent that such individual engage in
> sexual activity for which any person could be charged with a
> criminal offense.

*Id*.  Immediately following the defendant's arraignment on the one-Count Indictment,

this Court issued a Scheduling Order.  Dkt. #8.  After the issuance of an Amended

Scheduling Order, counsel for the defendant filed an omnibus motion seeking discovery

(Dkt. #14).  Following oral argument, this Court denied defendant's omnibus discovery

motion on the basis of mootness.  *See* Minute Entry entered September 18, 2013.

During oral argument, counsel for the defendant requested and this Court granted the defendant additional time to file a motion to dismiss the indictment and a motion for a bill of particulars.  On September 30, 2013, defendant filed a motion to dismiss the Indictment and a motion for a bill of particulars (Dkt. #18) and later that same day, defendant filed a second (supplemental) motion to dismiss the Indictment (Dkt. #19). The defendant's initial motion (Dkt. #18) sought to dismiss the original Indictment because it was duplicitous and not charged with "sufficient factual particularity, especially with respect to the dates on which he is alleged to have transported the minor and to what states."  Dkt. #18, p.2.  Indeed, the defendant claims that if a jury returned a guilty verdict against the defendant, "there would be no way of determining what unlawful conduct - committed anytime between 2000 and 2004 - the jury unanimously found Mr. Vickers committed."  Dkt. #18, p.3.  In addition, the defendant asserts that the dates alleged in the Indictment are not specific enough to permit the defendant to prepare his defense.  *Id*.  In support of his motion to dismiss the Indictment, the defendant argued,

> The Government has alleged that Mr. Vickers was a long-distance truck driver by profession and traveled frequently - with and without passengers - within the United States in a professional capacity.  The alleged time frame in the Indictment covers at least four years, a substantial time frame by any standard.  If the Government is unable to identify with sufficient particularity the dates upon which he is alleged to have transported the minor across state lines and to where, Mr. Vickers will be fundamentally prejudiced in his efforts to defend himself.  Dismissal of the indictment under such  circumstances is warranted.

*Id*. at p.4 (internal citations omitted).  In his supplemental motion to dismiss filed the same day (Dkt. #19), the defendant argues that the Indictment was filed beyond the applicable, five-year, statute of limitations and therefore, must be dismissed.

In its consolidated response to defendant's motions to dismiss, the government first argues that because the Indictment sets forth the required elements of a §2423(a) prosecution, concisely states the essential facts constituting the offense and tracks the statutory language, it is plead with sufficient particularity and it is not duplicitous.  Dkt. #20, pp.3-5.  The government next argues that the defendant's assertion that the Indictment is governed by the general, five-year limitations period set forth in 18 USC § 3282 and that § 3299 which eliminated the statute of limitations for most felony sex offenses does not apply retroactively, is incorrect.  *Id*. at pp.9-22.

**Factual Background**[1]

In April 2013, while investigating the defendant's brother, Sean Vickers, the City of Batavia, New York Police Department received information that the defendant, David Allen Vickers, had sexually abused a male victim (hereinafter, "Victim 1") in the past, from the years 1999 through approximately 2002.  Dkt. #1, ¶4; Dkt. #20,

---

[1] The facts herein are taken from the allegations set forth in the Affidavit of Federal Bureau of Investigation Special Agent Jennifer Jayne Amo submitted in support of the May 16, 2013 Criminal Complaint (Dkt. #1), the Indictment (Dkt. #8), and the government's response to the instant motions (Dkt. #20).

p.1.  Victim 1 was born in April 1989.[2]  In an interview with the Batavia Police

Department on April 19, 2013, the victim described that he had been taken out of New

York State by the defendant on over-the-road trucking trips to New Jersey,

Pennsylvania and to Canada.  *Id*.  Victim 1 further described that he and the defendant

engaged in sexual relations on the trips out of New York State.  *Id*.

Victim 1 was later interviewed on May 2, 2013 by FBI Special Agents Amo

and Tina Taylor and City of Batavia Police Department Detective Kevin Czora.  Dkt. #1,

¶5.  During this interview, Victim 1 advised Detective Czora and Special Agents Amo

and Taylor that in 1999, when Victim 1 was 9 years old, Sean Vickers introduced him to

the defendant, David Allen Vickers.  *Id*.  At the time they met, Victim 1 stated that the

defendant was living in a trailer park in Chili, New York.  *Id*.  Soon after meeting the

defendant, Victim 1 described that he began spending a lot of time with defendant

Vickers at his home in Chili, New York.  *Id*.  Specifically, Victim 1 stated that defendant

Vickers performed oral sex on him and he performed oral sex on defendant Vickers in

the trailer in Chili.  *Id*.

According to Victim 1, approximately one year after Victim 1 says he met

defendant Vickers, defendant Vickers purchased a house in Geneva, New York which

the defendant wanted to convert into a bed and breakfast.  *Id*.  After a couple of

months, defendant Vickers allowed Victim 1 to come to the house to assist with the

---

[2] Subsequent information revealed to the Court indicates that Victim 1's date of
birth is April 17, 1989.

renovation work.  *Id*.  As described by Victim 1, he went to the house in Geneva, New

York every weekend for approximately two years.  Victim 1 advised law enforcement

that defendant Vickers gave him cigarettes and alcohol at the house and sexually

abused him in the same manner as in the trailer in Chili.  *Id*.  When Victim 1 was

approximately 10 or 11 years old and in the fourth grade, he stole marijuana from one

of his brothers and was handing it out in school.  *Id*.  Victim 1 was suspended from

school for one year and was placed on probation.  *Id*.  After he was suspended from

school, Victim 1 states that he went to live with defendant Vickers in Geneva and

defendant Vickers sexually abused him in the same manner during this time.  *Id*.


        Victim 1 told investigators that he began to take over-the-road trips with

the defendant in his commercial freight truck after he returned to school following his

year-long suspension.  *Id*.  Specifically, Victim 1 stated that he took his first out-of-state

truck trip with defendant Vickers when he was 11 years old, in 2000.  *Id*.  According to

Victim 1, defendant Vickers picked up Victim 1 at his home in Batavia, New York and

drove him to Geneva, New York to pick up the truck.  *Id*.  On this trip, Victim 1

described that defendant Vickers first sexually assaulted him at a truck stop past

Syracuse, New York.  *Id*. "Vickers performed oral sex on V-1 and V-1 performed oral

sex on Vickers.  In addition to the oral sex, Vickers also masturbated and ejaculated on

V-1."  Dkt. #1, p.5.  Special Agent Amo's affidavit further describes this trip according to

Victim 1 as follows:

> After this, V-1 recalled waking up in New Jersey, so Vickers
> had driven the truck there while V-1 was sleeping.  V-1

> recalled waking up at a port in New Jersey.  V-1 could see the Twin Towers of the World Trade Center from the port. Vickers performed oral sex on V-1 and V-1 performed oral sex on Vickers in the truck in New Jersey.

Dkt. #1, p.5.  In addition to the foregoing, in its response, the government states,

> V-1 estimated he went on fifty trucking trips with the defendant outside of New York State between 2000 and 2004, and stated that he was sexually abused in the same manner on all of the out of state trips.  Moreover, V-1 reported that the defendant used sex toys on him as well as vibrators during the over the road truck trips.  The last out of state trucking trip V-1 took with the defendant was in 2004 to New Jersey.  V-1 recalled telling Vickers he no longer wanted to go on the truck trips after he began dating a girl some time in 2004.

Dkt. #20, p.2.


## DISCUSSION AND ANALYSIS

**Sufficiency of the Indictment**

The defendant moves to dismiss the Indictment on the grounds that it is not charged with sufficient factual particularity "especially with respect to the dates on which [Mr. Vickers] is alleged to have transported the minor and to what states."  Dkt. #18, p.2.  In support of his motion, the defendant argues that the dates alleged in the Indictment, "between in or about 2000, and in or about 2004," are "not specific enough to permit Mr. Vickers to prepare a defense, or to assert double jeopardy in any future prosecutions."  *Id*. at pp.2-3 (internal citations omitted).  In addition, the defendant stresses that he is a long distance truck driver by profession and travels with and without passengers within the United States in a professional capacity.  *Id*. at p.3.

Finally, the defendant asserts that "[t]he alleged time frame in the Indictment covers at least four years, a substantial time frame by any standard.  If the Government is unable to identify with sufficient particularity the dates upon which he is alleged to have transported the minor across state lines and to where, Mr. Vickers will be fundamentally prejudiced in his efforts to defend himself."  *Id*. at p.4.

In its opposition to defendant's motion to dismiss, the government argues that the Indictment concisely states the essential facts and contains sufficient detail. Dkt. #20, pp.3-5.  In support of its argument, the government recites the three elements it must prove in order to establish that the defendant violated Title 18, United States Code, Section 2423(a), that the defendant, "(1) knowingly transported a minor across state lines, (2) with the intent to engage in sexual activity with the minor, and (3) that the minor was under eighteen at the time of the offense."  *Id*. at p.4.  Moreover, the government relies on the well-settled law that "to comply with the pleading requirements of Fed.R.Crim.P. 7(c)(1), 'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'"  *Id*. (internal citations omitted).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an "indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."  Thus, "[a]n indictment must sufficiently inform the defendant of the charges against him and provide enough detail so that he may

plead double jeopardy in a future prosecution based on the same set of events."

*United States v. De La Pava*, 268 F.3d 157, 162 (2d Cir. 2001).   Where an indictment

tracks the statutory language and specifies the nature of the criminal activity, it is

sufficiently specific to withstand a motion to dismiss.   *United States v. Carr*, 582 F.2d

242, 244 (2d Cir. 1978).   The Government is not required to set forth evidentiary matter

to preserve an indictment from a motion to dismiss.   *United States v. Harris,* 805 F.

Supp. 166, 172 (S.D.N.Y. 1992), *quoting, Carr*, 582 F.2d at 244.   The United States

Supreme Court has stated:

> In a number of cases the Court has emphasized two of the
> protections which an indictment is intended to guarantee,
> reflected by two of the criteria by which the sufficiency of an
> indictment is to be measured. These criteria are, first,
> whether the indictment 'contains the elements of the offense
> intended to be charged, 'and sufficiently apprises the
> defendant of what he must be prepared to meet,'' and,
> secondly, "in case any other proceedings are taken against
> him for a similar offense whether the record shows with
> accuracy to what extent he may plead a former acquittal or
> conviction.' *Cochran and Sayre v. United States*, 157 U.S.
> 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; *Rosen v. United
> States*, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606.'
> *Hagner v. United States*, 285 U.S. 427, 431, 52 S.Ct. 417,
> 419, 76 L.Ed. 861. *See Potter v. United States*, 155 U.S.
> 438, 445, 15 S.Ct. 144, 146, 39 L.Ed. 214; *Bartell v. United
> States*, 227 U.S. 427, 431, 33 S.Ct. 383, 384, 57 L.Ed. 583;
> *Berger v. United States*, 295 U.S. 78, 82, 55 S.Ct. 629, 630,
> 79 L.Ed. 1314; *United States v. Debrow*, 346 U.S. 374,
> 377-378, 74 S.Ct. 113, 115-116, 98 L.Ed. 92.

*Russell v. United States*, 369 U.S. 749, 763-64 (1962).

         In the case at bar, the Indictment states all the elements of the crime

charged by tracking the statutory language of Title 18, United States Code, Section

2423(a) thereby fulfilling the first function of an indictment.  In addition, the Indictment

informs the defendant of the nature of the criminal activity, the underlying facts, and

therefore informs the defendant of the conduct for which he has been charged.  Finally,

the Indictment contains the key facts necessary to allow the defendant to prepare a

defense and to plead the judgment as a bar to any future prosecution.  Therefore,

notwithstanding the fact that the Indictment does not define the criminal offense(s) for

which the defendant could have been charged, as presented, the Indictment is legally

sufficient.  Accordingly, this Court recommends that defendant's motion to dismiss the

Indictment on the grounds that it is not charged with sufficient particularity be denied.

Moreover, the Court notes that in keeping with this Court's prior decision in *United*

*States v. Kevin Donaldson*, 09-CR-321, the government has previously agreed to

provide the defendant with a particularization of the state criminal offenses for which the

defendant could have been charged.


**Duplicity**

> An indictment is duplicitous if it joins two or more distinct
> crimes in a single count.  *United States v. Murray*, 618 F.2d
> 892, 896 (2d Cir. 1980).  A duplicitous indictment, which
> alleges several offenses in the same count, must be
> distinguished from "the allegation in a single count of the
> commission of a crime by several means."  *Id.*  The latter is
> not duplicitous.  The policy considerations underlying the
> prohibition against duplicitous indictments are varied.  As we
> previously have stated, these considerations include

>> avoiding the uncertainty of whether a general
>> verdict of guilty conceals a finding of guilty as
>> to one crime and a finding of not guilty as to
>> another, avoiding the risk that the jurors may

not have been unanimous as to any one of the
crimes charged, assuring the defendant
adequate notice, providing the basis for
appropriate sentencing, and protecting against
double jeopardy in a subsequent prosecution.
*United States v. Margiotta*, 646 F.2d 729, 733
(2d Cir. 1981) (citing *Murray*, 618 F.2d at 896).

\* \* \*

We have declined to accept the law of the Fifth Circuit "that
any acts capable of being charged as separate offenses
must be alleged in separate counts."  *Margiotta*, 646 F.2d at
733 (citing *Bins v. United States*, 331 F.2d 390, 393 (5th
Cir.), *cert. denied*, 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d
87 (1964)).  Instead, under the law of this Circuit, "acts that
could be charged as separate counts of an indictment may
instead be charged in a single count if those acts could be
characterized as part of a single continuing scheme."  *United
States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989)
(citation omitted), *cert. denied*, 493 U.S. 1081, 110 S.Ct.
1139, 107 L.Ed.2d.

*United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992).  Although defendant's

motion seeks the dismissal of the Indictment because it is "duplicitous," more accurately

stated, defendant's quarrel with the Indictment is that it aggregates criminal activity that

took place at different times in a single count spanning approximately four years.  As

the Court of Appeals for the Second Circuit has repeatedly held, "acts that could be

charged as separate counts of an indictment may instead be charged in a single count

if those acts could be characterized as part of a single continuing scheme."  *United

States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989); *United States v. Margiotta*, 646

F.2d 729, 733 (2d Cir. 1981), *cert. denied*, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d

282 (1983).  Indeed, the Second Circuit has further stated that, "[a]s long as the

essence of the alleged crime is carrying out a single scheme to defraud, then aggregation is permissible." *Id*.

The instant Indictment is not duplicitous, and even if it was, the remedy for a duplicitous indictment before trial is reformulation, not dismissal.  Contrary to the defendant's conclusion that the Indictment defectively joins two or more distinct crimes in a single count, the instant Indictment charges a single, continuing scheme by the defendant to transport Victim 1 in interstate and foreign commerce with the intent to engage in sexual activity with Victim 1, who was under eighteen at the time.  That the government may seek to prove at trial that the defendant engaged in this criminal activity on different dates between 2000 and 2004 with Victim 1 in different locations in interstate commerce does not render the Indictment duplicitous.  Moreover, to the extent that during the trial there may be concern, in the event of a conviction, over determining what unlawful conduct was committed between 2000 and 2004, such concern can be addressed by the trial judge with curative instructions and/or detailed verdict sheet.  Accordingly, for the foregoing reasons, this Court recommends that the defendant's motion to dismiss the Indictment on the grounds that it is duplicitous be denied.

**Statute of Limitations**

In his supplemental motion to dismiss (Dkt. #19), defendant Vickers argues that the Indictment must be dismissed because it was not brought within the applicable statute of limitations.  Dkt. #19.  Defendant's argument is premised on the

mistaken conclusion that the five year statute of limitations set forth in Title 18, United States Code, Section 3282 applies to the charged offense.  The defendant further asserts that statutory amendments and enactments during or after the conduct alleged in the Indictment are inapplicable.  Specifically, the defendant claims that the 2006 enactment of the Adam Walsh Child Protection and Safety Act of 2006 which provides for no limitation on prosecution for specified offenses, including the transportation of a minor as charged here, is not retroactive and therefore, inapplicable here. Furthermore, the defendant maintains that the 2003 amendment to Title 18, United States Code, Section 3283 extending the limitations period to the life of the child is also inapplicable because the prohibited conduct extends only to an offense involving the sexual abuse or physical abuse or kidnapping [sic], conduct the defendant claims is "not at issue here."  Dkt. #19, ¶10.


With the July 27, 2006 enactment of the Adam Walsh Child Protection and Safety Act of 2006 (the "Adam Walsh Act"), Congress, among other things, eliminated the statute of limitations for most felony sex offenses.  In addition, the Adam Walsh Act "created a comprehensive national system for the registration of sex offenders, increased the statutory penalty for several child sex offenses, and created new federal child exploitation offenses."  Dkt. #20, p.9.  The new statute of limitations for child abduction and sex offenses (as defined) was codified at Title 18, United States Code, Section 3299 and provides as follows:

> Notwithstanding any other law, an indictment may be found
> or an information instituted at any time without limitation for
> any offense under section 1201 involving a minor victim, and

> for any felony under chapter 109A, 110 (except for section
> 2257 and 2257A), or 117, or section 1591.

18 USC § 3299.  It is undisputed that Title 18, United States Code, Sections 2423(a)

and (e), the crimes charged in the instant Indictment, are contained in chapter 117.

Therefore, a question before this Court is whether the new limitations period may be

applied retroactively to the offenses charged in the instant Indictment.  In order to

properly determine whether the government may bring charges under this extension of

the statute of limitations, this Court must determine whether the original statute of

limitations had lapsed when the extension went into effect.  *See United States v. Sensi*,

No. 3:08-cr-253(WWE), 2010 WL 2351484, at *2 (D.Conn. Jun. 7, 2010); *citing*,

*Stogner v. California*, 539 U.S. 607, 616 (2003) ("[it is] well settled that the Ex Post

Facto Clause forbids resurrection of a time-barred prosecution.").


        Prior to the Adam Walsh Act and the enactment of section 3299, the

statute of limitations on child sex offenses was governed by Title 18, United States

Code, Section 3283.  The legislative history of section 3283 dates back to 1990 when

Congress passed the Victims of Child Abuse Act in 1990 (the "Child Abuse Act"), as

part of the Crime Control Act of 1990.  Section 225(a) of the Child Abuse Act created a

specific statute of limitations for offenses involving the sexual and physical abuse of

children, codified at Title 18, United States Code, Section 3509(k), which provided in

part:

> No statute of limitations that would otherwise preclude
> prosecution for an offense involving the sexual or physical
> abuse of a child under the age of 18 years shall preclude

such prosecution before the child reaches the age of 25
years.

18 U.S.C. § 3509(k) (1990).  The Child Abuse Act also added Title 18, United States

Code, Section 3509(a)(8), defining "sexual abuse" as follows:

the term "sexual abuse" includes the employment, use,
persuasion, inducement, enticement, or coercion of a child
to engage in, or assist another person to engage in, sexually
explicit conduct or the rape, molestation, prostitution, or
other form of sexual exploitation of children, or incest with
children[.]

18 U.S.C. § 3509(a)(8).  In 1994, the limitations period in section 3509(k) was removed

and added to section 3283 by Congress as part of the Violent Crime Control and Law

Enforcement Act of 1994 (the "Violent Crime Act.").  Title 18, United States Code,

Section 3283 provided,

No statute of limitations that would otherwise preclude
prosecution for an offense involving the sexual or physical
abuse of a child under the age of 18 years shall preclude
such prosecution before the child reaches the age of 25
years.

18 U.S.C. § 3283 (1994).  The definition of "sexual abuse" in section 3509(a)(8)

remains unchanged to this day.


On April 30, 2003, Congress passed the Prosecutorial Remedies and

Tools Against the Exploitation of Children Today Act (the "PROTECT Act").  Section

202 of the PROTECT Act amended section 3283 by extending the statute of limitations

for offenses involving the sexual or physical abuse of a child from when the child

reaches the age of 25 years to "during the life of the child."  With the 2003 amendment,

section 3283 provided:

-15-

> No statute of limitations that would otherwise preclude
> prosecution for an offense involving the sexual or physical
> abuse, or kidnaping of a child under the age of 18 years
> shall preclude such prosecution during the life of the child.

18 U.S.C. § 3283 (2003).  Section 3283 was again amended on January 5, 2006, when

Congress passed the Violence Against Women and Department of Justice

Reauthorization Act of 2005.  The 2006 amendment added the phrase "or for ten years

after the offense whichever is longer," so as to permit criminal prosecution in child

sexual or physical abuse cases where the child dies before the crime is charged.

Accordingly, the current version of section 3283 reads as follows:

> No statute of limitations that would otherwise preclude
> prosecution for an offense involving the sexual or physical
> abuse, or kidnaping of a child under the age of 18 years
> shall preclude such prosecution during the life of the child, or
> for ten years after the offense, whichever is longer.

18 U.S.C. § 3283.

      As set forth above, in order to determine whether the limitations provision

in the Adam Walsh Act may apply to the crimes herein retroactively, this Court must

first analyze whether the original statute of limitations had lapsed when the extension

went into effect.  In other words, had the applicable limitations period lapsed on or

before July 27, 2006, when the Adam Walsh Act was enacted, because the retroactive

application of a new or amended statute of limitations to revive an otherwise time-

barred prosecution would violate the Ex Post Facto clause.

There can be no dispute, at the time the Adam Walsh Act was enacted, the current version of section 3283 permitted prosecution for sexual abuse during the life of the child or for ten years after the offense, whichever is longer.  In July 2006, Victim 1 was both still living and ten years had not elapsed since the commission of the crime.  Indeed, in July 2006, Victim 1 was 17, so prosecution would have been proper under the 1994 version of the statute of limitations.  Accordingly, the applicable limitations period had not lapsed at the time of the enactment of the Adam Walsh Act and therefore, the retroactive application would not be violative of the Ex Post Facto clause.  Therefore, applying section 3299 retroactively to the conduct charged in the instant Indictment, the charge in the instant Indictment, transportation of a minor in violation of Title 18, United States Code, Section 2423(a), was timely filed.

Defendant next argues that section 3283 is inapplicable to the conduct charged in the instant Indictment and therefore, the general five-year statute of limitations period, 18 U.S.C. § 3282, for all non-capital felonies applies.  That argument is belied by the plain language in section 3283 wherein it applies to offenses "involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years." Although the defendant's motion does not specify how the conduct charged in the instant Indictment would not be considered the sexual abuse of a child under 18, this Court will address the definition of "sexual abuse."

After the transfer of the statute of limitations from section 3509(k) to section 3283 of the Violent Crime Act of 1994, courts continued to rely on the section

3509(a)(8) broad definition of "sexual abuse" in applying section 3283. As the Court of

Appeals for the Ninth Circuit noted in *United States v. Carpenter*, 680 F.3d 1101, 1103

(9th Cir. 2012),

> Title 18's only definition of that term [sexual abuse] is in 18
> U.S.C. § 3509(a) and states: 'For purposes of this section . .
> . the term 'sexual abuse' includes the employment, use,
> persuasion, inducement, enticement, or coercion of a child
> to engage in, or assist another person to engage in, sexually
> explicit conduct or the rape, molestation, prostitution, or
> other form of sexual exploitation of children, or incest with
> children.' That language easily encompasses what [the
> defendant's] first two counts charged him with, and we find
> the definition the appropriate one to use for purposes of
> section 3283's extended statute of limitations.
>
> As both parties acknowledge, subsection 3509(a) was part
> of the same statutory section as the first extended statute of
> limitations for offenses involving sexual abuse of children.
> Congress then re-codified the sections as part of an effort to
> consolidate various statutes of limitations in a single chapter,
> so it makes little sense to detach the statutory definition in a
> way that would have the opposite effect of Congress's
> consistent efforts to *extend* the statute of limitations for
> crimes of sexual abuse against children.

*United States v. Carpenter*, 680 F.3d 1101, 1103 (9th Cir. 2012) (emphasis in original).

In 2001, the Court of Appeals for the Second Circuit addressed the meaning of "sexual

abuse of a minor" in the context of whether the crime charged (statutory rape) qualified

as an aggravated felony for purposes of immigration law. *See Mugalli v. Ashcroft*, 258

F.3d 52 (2d Cir. 2001). The Second Circuit found that definition of sexual abuse in

section 3509(a) to be "appropriate" because it was the definition offered in Title 18 and

because it was in accord with the common usage. *See*, *Carpenter*, 680, F.3d at 1103

and *Mugalli*, 258 F.3d at 58-59. In addition, the Court of Appeals for the Eighth Circuit

has also found that producing child pornography involves 'sexual abuse of a child' as used in section 3283's extended statute of limitations and that section 3283 is the governing limitations period for the charge of production of child pornography.  *United States v. Coutentos*, 651 F.3d 809, 816-17 (8th Cir. 2011).[3]

    In an effort to render the extended statute of limitations in section 3283 inapplicable to the charges in the instant Indictment, the defendant argues that the charged offense does not "involve" the sexual abuse of a child, as reflected in the elements of the offense.  *See* Dkt. #19, pp.4-5.  Defendant's argument is illogical and clearly misinterprets the use of the term "involving" in section 3283.  By its terms, section 3283 does not require that an offense consist of a sexual act between a defendant and a specific child.  In fact courts have applied section 3283 to the offense of production of child pornography. *See Carpenter* and *Coutentos, supra.*  In addition, in *United States v. Schneider*, the defendant sought to have a two-count Indictment charging traveling in foreign commerce for the purpose of engaging in sex with a minor, in violation of Title 18, United States Code, Section 2423(b) and transporting a person in foreign commence with the intent that such person engage in criminal sexual conduct in violation of Title 18, United States Code, Section 2421, dismissed for violation of the

---

[3] The Court notes that in connection with a 2010 decision issued by the United States District Court for the Eastern District of Pennsylvania, the government in that case conceded that the Adam Walsh Child Protection Act did not appear to be retroactive.  *See United States v. Schneider*, Criminal Action No. 10-29, 2010 WL 3656027, at n.1 (E.D. Pa. Sept. 15, 2010).  This Court later relies on the decision in *Schneider* for its discussion of the applicability of section 3283 to the offense of transportation of minors as being a crime involving the sexual abuse of a child under 18 years of age.

statute of limitations.  Specifically, defendant Schneider argued that section 3283 was

inapplicable to the offenses charged because neither charge is an "offense involving

the sexual or physical abuse of a child under the age of 18 years."  *United States v.*

*Schneider*, Criminal Action No. 10-29, 2010 WL 3656027, at *2 (E.D. Pa. Sept. 15,

2010). In finding the charges in the Indictment timely under section 3283, the District

Court described defendant Schneider's arguments as "unavailing" and "untenable."  In

fact, the District Court stated,

> In the instant case, both of Schneider's charged offenses
> are codified in chapter 117 and both "logically relate to the
> common understanding of sexual abuse" in that Schneider is
> charged with (1) traveling with the intent to engage in sexual
> activity criminalized by chapter 109A, which governs sexual
> abuse crimes, and (2) transporting a minor with the intent to
> engage in compulsory anal intercourse with him. These
> offenses indisputably relate to the common understanding of
> sexual abuse and also "involve" sexual abuse as defined in
> 18 U.S.C. § 3509(a) because sexual abuse of a child
> "includes the ... persuasion, inducement, enticement or
> coercion of a child to engage in ... sexually explicit conduct."
> 18 U.S.C. § 3509(a).

*Schneider*, 2010 WL 3656027, at *5.  Here, not unlike Schneider, defendant Vickers is

charged with transportation of a minor in violation of Title 18, United States Code,

Section 2423(a) and it is alleged that the defendant did have sexual contact with Victim

1 during the time period alleged in the Indictment, 2000 to 2004.  For this Court to

conclude that the offenses charged in the instant Indictment did not "involve" the sexual

or physical abuse of a child under the age of 18 would strain all logic and common

sense and would be in sharp contrast to well-settled law.  Accordingly, even if the

provision of the Adam Walsh Act which eliminates the limitations period for specified

offenses involving a minor victim, including transportation of minors, is found not to

apply retroactively, the extended limitations period as set forth in section 3283 applies

here and under that section, the charges against defendant Vickers are timely.


## CONCLUSION

For the foregoing reasons, it is recommended that defendant Vickers'

motions to dismiss the Indictment (Dkt. ##18 and 19) be denied in their entirety.


Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:


This Report, Recommendation and Order be filed with the Clerk of Court.


**ANY OBJECTIONS** to this Report, Recommendation and Order must be

filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this

Report, Recommendation and Order in accordance with Fed. R. Crim. P. 59(b)(2).


The district judge will ordinarily refuse to consider *de novo*, arguments,

case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure**

**to file objections within the specified time or to request an extension of such time**

**waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140

(1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules for the Western District of New York, written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made, and the basis for each objection, and shall be supported by legal authority. **Failure to comply with the provisions of Local Rule 59(b)(2), may result in the District Judge's refusal to consider the objection.**

In accordance with the requirements set forth in Local Rule 59(b)(3), "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." **Failure to comply with the provisions of Local Rule 59(b)(3), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
               January 28, 2014

*S/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**