UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                                    DECISION AND ORDER
                                                  13-CR-128

DAVID ALLEN VICKERS,

                Defendant.

      Defendant David Allen Vickers is charged with transporting his minor step-nephew ("Victim 1") in interstate commerce with the intent to engage in criminal sexual activity from April 1999 through 2005.  Defendant is also charged with transporting his minor foster son ("Victim 2") in interstate commerce with the intent to engage in criminal sexual activity from June 15, 2005 through March of 2007.  Specifically, it is alleged that defendant, an over-the-road truck driver, brought Victim 1 and Victim 2 on trucking trips in New York, New Jersey, Canada and Pennsylvania, and that he sexually abused both individuals during those trips.

      The Government moves to introduce evidence that defendant engaged in other acts of sexual abuse and child molestation, separate and apart from conduct set forth in the Indictment.  The Government seeks to introduce this evidence to show propensity, pursuant to Federal Rules of Evidence 413 and 414, as well as motive, intent and plan pursuant to Federal Rule of Evidence

404(b). Defendant opposes the introduction of this evidence.

Federal Rule of Evidence 404(b) generally prohibits propensity evidence or proof that a defendant engaged in similar conduct before, and that, therefore, he is likely guilty of the charged act. See Fed. R. Evid. 404. However, Congress has specifically altered this rule with respect to sex offense cases. Rules 413 and 414 of the Federal Rules of Evidence specifically provide that in cases where a defendant is accused of either sexual assault or child molestation, evidence that a defendant committed a prior similar act or offense is admissible, and may be considered for any matter to which it is relevant, including a defendant's propensity or proclivity to commit the offense. See Fed. R. Evid. 413 and 414.

The Second Circuit takes a broad and inclusive approach when it comes to applying Rules 413 and 414. See *United States v. Larson*, 112 F.3d 600 (2d. Cir. 1997) ("The legislative history of Rule 414 reveals that Congress meant its temporal scope to be broad, allowing the court to admit evidence of Rule 414 acts that occurred more than 20 years before trial."); *United States v. David*, 624 F.3d 508 (2d. Cir. 2010) (noting that the legislative sponsors of Rule 414 expected that convictions within its ambit would normally be admitted and that "their probative value would normally not be outweighed by the risk of prejudice").

Further, case law in this area indicates that uncharged conduct, as well as conduct that occurred either after the charged offense, or many years prior, can be introduced. See *United States v. Guidry*, 456 F.3d 493 (5th Cir. 2006) (district

court properly admitted testimony regarding extrinsic sexual assault offense of which defendant was not convicted based upon the similarity of the testimony and charged conduct and the close temporal proximity); *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001) (district court properly admitted testimony by adult witness that defendant charged with sexual abuse of a child had sexually abused her twenty years prior, where "both were young girls of six or seven years at the time of the offense, both were related to [defendant]; and the sexual nature of the offenses were similar"); *United States v. Kelly*, 510 F.3d 433 (4th Cir. 2007) (where defendant was on trial for traveling in interstate commerce for the purposes of engaging in illicit sexual conduct, the district court did not abuse its discretion in admitting defendant's prior conviction for the attempted rape of a child, since "the similarity between the two offenses was striking").

 Importantly, evidence that may be admissible under either Rule 413 or Rule 414 still must meet the other requirements of the Federal Rules of Evidence including the hearsay rules and Rule 403.  Rule 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by the consideration of undue delay, waste of time, or needless presentation of cumulative evidence."  *See* Fed. R. Evid. 403.  While evidence that a defendant charged with a sex crime engaged in other acts of sexual assault or molestation is without a doubt highly prejudicial, the Second Circuit has recognized that "in

sexual assault and child molestation cases, the presumption is that evidence of prior acts of sexual assault or child molestation is probative, and that its probative value is not normally outweighed by any risk of prejudice." *Larson*, 112 F.3d at 604.

The Court has reviewed the parties' extensive briefs and has heard oral argument. After careful consideration of this matter, and after applying Rule 403 with respect to each disputed piece of evidence, the Court finds as follows.

Victims 1 and 2, who are both named in the Indictment, will be permitted to testify about alleged sexual abuse by the defendant other than during the interstate trucking trips. This includes alleged abuse at defendant's residences or on trucking trips that are not covered by the Indictment. The Court finds that this evidence is highly relevant and probative in that it involves the same victims, the same type of abuse, a pattern of conduct, and completes the story of the alleged crimes. Further, the evidence is not so prejudicial as to overcome its high probative value and the presumption that this type of strikingly similar evidence of alleged abuse is relevant and admissible.

Victim 3, who is not named in the Indictment, will be permitted to testify about alleged sexual abuse by defendant from 1990 to 1998, when Victim 3 was between the ages of 12 and 20. This includes allegations of abuse at defendant's residences and during trucking trips in New York State. Despite occurring years prior, this evidence is extremely similar to the conduct charged in the Indictment.

It involves allegations of the very same type of abuse of minor boys as set forth in the Indictment. Not only is it probative of defendant's propensity to molest children, but it is also relevant as to defendant's motive, intent and plan in bringing minor boys on trucking trips. Thus, its probative value is not outweighed by a danger of unfair prejudice. For the same reasons just cited as to Victim 3, Victim 4 will be permitted to testify that defendant regularly abused him from the time Victim 4 was 12 until he was 17, both at defendant's residences and on trucking trips in New York State.

However, Victim 4 will not be permitted to testify about an incident of abuse that occurred when Victim 4 was 4 or 5 years old and defendant was 12 years old, nor will Victim 4 be permitted to testify about an incident of abuse involving both defendant and defendant's brother. These incidents are less similar to the conduct in the Indictment. Specifically, they occurred when defendant was himself a minor, they do not involve trucking trips, and one incident involves another alleged abuser. The Court further finds that these incidents are extremely prejudicial due to Victim 4's age at the time and the possibility of opening the door as to the conduct of defendant's brother. For these reasons, their probative value is outweighed by a danger of unfair prejudice and they will be inadmissible.

Victim 5 will be permitted to testify that defendant abused him at defendant's residence as well as during trucking trips in New York State, and

Victims 1 and 2 will be permitted to testify that they observed defendant abuse Victim 5. This evidence is highly relevant, probative and occurred during approximately the same time frame as the Indictment. In addition, it is likely part of the *res gestae* of the crimes charged. The probative value is not outweighed by a danger of unfair prejudice. For these same reasons, Victim 1 is permitted to testify that he observed defendant sexually abusing Victim 6 during trucking trips.

As to evidence that defendant possessed child pornography, the Court will deny the Government's request at this time. While this type of evidence is admissible pursuant to Federal Rule of Evidence 413, it is less probative than the evidence involving alleged other acts of abuse. In addition, it is highly prejudicial and may inflame the jury. At this time, the Court finds that the probative value of any evidence that defendant possessed child pornography is outweighed by a danger of unfair prejudice. However, while the Government is precluded from admitting this evidence in its case-in-chief, it is possible that the evidence will become highly relevant depending upon the defenses asserted during the trial. Thus, if defendant seeks to introduce evidence that defendant does not have a sexual interest in minors, or that he did not take Victim 1 and Victim 2 across state lines with the intent to engage in criminal sexual conduct, the Court may revisit this issue.

Finally, it is noted that the Court has carefully considered, and will continue to consider, whether, at some point during the trial, the evidence of prior acts of

sexual abuse or molestation will become so cumulative as to be unfairly prejudicial pursuant to Rule 403.  If that point is reached, the Court may exercise its discretion to exclude further evidence and testimony regarding the prior acts.

    SO ORDERED.

                                        *Richard J. Arcara*
                                  HONORABLE RICHARD J. ARCARA
                                  UNITED STATES DISTRICT COURT

Dated:   February 23, 2015