UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          v.                                    DECISION AND ORDER
                                                   13-CR-128

DAVID ALLEN VICKERS,

                    Defendant.

---

      Defendant David Allen Vickers is charged with transporting his minor step-nephew ("Victim 1") in interstate commerce with the intent to engage in criminal sexual activity from April 1999 through 2005. Defendant is also charged with transporting his minor foster son ("Victim 2") in interstate commerce with the intent to engage in criminal sexual activity from June 15, 2005 through March of 2007. Specifically, it is alleged that defendant, an over-the-road truck driver, brought Victim 1 and Victim 2 on trucking trips in New York, New Jersey, Canada and Pennsylvania, and that he sexually abused both individuals during those trips. The Government also intends to offer evidence that defendant sexually abused Victim 3 and Victim 4 on other occasions.

      The Government seeks to preclude defendant from impeaching Victim 1, Victim 2, Victim 3 and Victim 4 with prior criminal convictions pursuant to Rule 609 of the Federal Rules of Evidence. The convictions at issue include felonies, misdemeanors and juvenile delinquencies. Defendant claims that a number of

these convictions are fair grounds for impeachment, either pursuant to Rule 609 or because they demonstrate motive, bias or prejudice pursuant to Rule 404(b).

Federal Rule of Evidence 609(a)(1)(A) governs the use of felony convictions and provides:

> [F]or a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence must be admitted, subject to Rule 403, in a criminal case in which the witness is not the defendant.

Federal Rule of Evidence 609(a)(2) governs the use of misdemeanor convictions and provides:

> [F]or any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime require proving–or the witness's admitting–a dishonest act or false statement.

The legislative history of Rule 609(a)(2) indicates that crimes involving dishonesty and theft are narrowly defined, and refer to convictions "peculiarly probative of credibility" including those for "perjury or subordination of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on [a witness's] propensity to testify truthfully."  *See* Conf. Rep. No. 93-1597, 93d Cong., 2d Sess. 9.

Federal Rule of Evidence 609(b) provides that if over ten years has passed since a witness's conviction, evidence of the conviction is only admissible if "its probative value, supported by facts and circumstances, substantially outweighs its

prejudicial effect; and the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." See Fed. R. Evid. 609(b).

*Victim 1*

On May 27, 2009, Victim 1 was convicted of two felony counts of attempted sexual abuse pursuant to New York State Penal Law Section 190.05. "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." *United States v. Estrada*, 430 F.3d 606 (2d. Cir. 2005). The Court finds that defendant is allowed to impeach Victim 1 with his two convictions for felony attempted sexual abuse.

Victim 1 was convicted of two counts of misdemeanor criminal trespass under New York State Penal Law Section 140.15. The convictions occurred on June 18, 2008 and on July 3, 2008. Under Rule 609(a)(2), misdemeanor convictions must be admitted for impeachment if the crime involves a dishonest act or a false statement. The Second Circuit has not ruled as to whether criminal trespass is a crime involving dishonesty, however other circuits have specifically found it is not. *See United States v. Rodriguez-Andrade*, 62 F.3d 948 (7th Cir. 1995) (district court did not abuse its discretion in excluding burglary and criminal trespass convictions because they were unrelated to witness's ability to tell the truth). Because the criminal trespass convictions are not related to Victim 1's capacity for truth-telling, and because Victim 1 can be impeached with his felony

convictions for attempted sexual abuse, the defendant will not be permitted to impeach Victim 1 with his misdemeanor convictions for criminal trespass. *See United States v. Washington*, 746 F.2d 104, 107 (2d. Cir. 1984) ("Once credibility is impeached by a prior felony conviction, the incremental probative force of a second conviction is minimal.")

On June 18, 2008, Victim 1 was convicted of misdemeanor sexual abuse pursuant to New York State Penal Law Section 130.60. This misdemeanor conviction does not involve dishonesty or a false statement. In addition, Victim 1 will be questioned about his felony convictions for attempted sexual abuse. Thus, this evidence would be cumulative. Therefore, defendant will not be permitted to impeach Victim 1 with his misdemeanor conviction for sexual abuse.

Victim 1 was convicted of Juvenile Delinquency for Attempted Petit Larceny, pursuant to New York State Penal Law Sections 110 and 155.25, a misdemeanor, on August 28, 2002. Rule 609(b) provides that juvenile convictions can only be used for impeachment purposes if "an adult's conviction for the same offense would be admissible to attack the adult's credibility." With respect to larceny convictions, courts are instructed to "look beyond the elements to determine whether the conviction rested upon facts establishing dishonesty or false statement." *U.S. v. Payton*, 159 F.3d 49, 57 (2d. Cir. 1998). In addition, the Second Circuit recognizes that crimes of force, such as armed robbery or assault, and crimes of stealth, such as burglary or petit larceny, do not fall within Rule

609(a)(2)." *Id*.  The underlying facts of this conviction involve Victim 1 standing outside a fence while his friend entered a storage area and stole a bicycle.  The Court finds that given these facts, it is not a crime involving dishonesty or a false statement.

In addition, this conviction is over ten years old.  Rule 609(b) creates a rebuttal presumption that convictions over ten years old are more prejudicial than helpful and should be excluded.  *United States v. Sims*, 588 F.2d 1145, 1150 (6th Cir. 1978).  Because the juvenile conviction is over ten years old, a misdemeanor, and does not involve false statement or dishonesty, the Court finds it is inadmissible under both Rule 609(a)(2) and Rule 609(b).  Thus, the defendant will not be permitted to impeach Victim 1 with his juvenile conviction for attempted petit larceny.

*Victim 2*

On January 8, 2014, Victim 2 was convicted of a misdemeanor count of endangering the welfare of a child pursuant to New York State Penal Law Section 260.10.  The underlying facts of the case relate to Victim 2 leaving a minor child with defendant's brother, a known sex offender.  This misdemeanor offense does not involve dishonesty or a false statement, and defendant will be prohibited from using it for impeachment purposes.

Victim 2 was convicted of attempted petit larceny pursuant to New York State Penal Law Sections 110 and 155.25, a misdemeanor, on January 18, 2011.

The underlying facts of this conviction involve Victim 2 shoplifting two items from Kmart.  Based upon these facts, and for the reasons stated above, the Court finds that this conviction is not a crime that involves dishonesty or a false statement.  Defendant is precluded from using this conviction for impeachment.  Victim 2 also has two misdemeanor convictions for driving while intoxicated and operating a motor vehicle impaired by drugs.  These misdemeanor convictions do not involve dishonesty or a false statement, and will also be excluded for impeachment purposes.

     Victim 2 was convicted of juvenile delinquency for petit larceny pursuant to New York State Penal Law Section 155.25, a misdemeanor, on April 26, 2005.  The underlying facts of the conviction involve Victim 2 stealing an ATV from a residence during daylight hours.  Because this is a misdemeanor where the underlying facts do not involve dishonesty or a false statement, defendant is precluded from impeaching Victim 2 with this conviction.

     Finally, Victim 2 was also convicted of juvenile delinquency for petit larceny, a misdemeanor, on November 11, 2003.  The underlying facts of this conviction involve Victim 2 shoplifting items from Wal-Mart.  Because this conviction is over ten years old, and because it is a misdemeanor that does not involve dishonesty or a false statement, the Court finds it is inadmissible under both Rule 609(a)(2) and Rule 609(b).

*Victim 3*

Victim 3 has one prior felony conviction and three prior misdemeanor convictions, all of which are well over ten years old.  Victim 3 was convicted of attempted burglary, a felony, on March 13, 2000.  The Court does not have the underlying facts of the conviction, and thus there is no evidence before the Court that this conviction bears upon Victim 3's veracity or truthfulness.  Therefore, the Court finds that its probative value does not outweigh its prejudicial effect.  Victim 3's misdemeanor convictions, all of which are over ten years old, include petit larceny, criminal possession of stolen property and trespass.  Because none of the convictions involve dishonesty or a false statement, defendant is also prohibited from impeaching Victim 3 with any of the misdemeanor convictions.

*Victim 4*

Victim 4 has a misdemeanor conviction for driving under the influence in Arizona.  This conviction is over ten years old.  Defendant has indicated that he does not intend to question Victim 4 regarding this conviction, and therefore this issue is moot.

*Federal Rule of Evidence 404(b)*

Defendant further argues that if evidence of Victim 1, Victim 2, and Victim 3's prior convictions are not admissible for impeachment purposes under Rule 609, they are admissible pursuant to Federal Rule of Evidence 404(b) because they demonstrate the witnesses' biases, prejudices and motivations to fabricate.

Defendant argues that Victim 1's sexual abuse convictions provide him with a motive to lie, because he is "seeking to blame Vickers for past abuse in order to minimize and rationalize his own sex offenses." Because defendant can cross-examine Victim 1 regarding his two felony sex offense convictions, the Court finds that defendant will be able to make these arguments to the jury without also questioning Victim 1 regarding the misdemeanor sexual abuse conviction. In addition, if relevant and if there is a good faith basis, defendant may be permitted, during cross-examination, to ask about some of the underlying details of Victim 1's two felony sex offense convictions. In addition, defendant apparently paid some of Victim 1's legal fees in 2008, but stopped paying the fees when Victim 1 was arrested in 2009. Defendant argues that this demonstrates Victim 1's bias and motive to lie. The Court notes that defense counsel can question Victim 1 about legal payments made by defendant on Victim 1's behalf, without delving into the fact that Victim 1 has misdemeanor convictions.

Defendant argues that he should be permitted to question Victim 2 about his misdemeanor driving convictions because it was during Victim 2's conversations with police about getting his licence back that Victim 2 first stated that defendant abused him. Since Victim 2 made prior inconsistent statements about the abuse, defendant argues that the convictions were motivation to lie in order to have his license reinstated. If prior inconsistent statements exist, defense counsel can impeach Victim 2 with the inconsistent statements themselves rather than the prior

convictions. In addition, if there is a good faith basis, defense counsel may ask Victim 2 if he received any consideration from the Government in return for providing information about defendant. Thus, defendant can pursue this line of questioning and make virtually the same arguments without revealing convictions that are inadmissible under Rule 609.

Likewise, defendant argues that he should be permitted to cross-examine Victim 2 about his child endangerment conviction, because it involves Victim 2 leaving his own child with Sean Vickers. Sean Vickers is defendant's brother and has been convicted of multiple counts of child sexual abuse. Defendant argues that these facts are admissible under Rule 404(b) because they demonstrate that Victim 2 trusted defendant and his family, and refute any claims that Victim 2 was abused. Defense counsel can cross-examine Victim 2 about leaving his child in the care of either defendant or defendant's brother, without divulging the conviction for child endangerment.

Finally, defendant argues that he should be permitted to question Victim 1, Victim 2, and Victim 3 about their prior convictions, including misdemeanors and those over ten years old, because they demonstrates the witnesses' biases against defendant in a number of other ways. The Court finds that if, after direct examination, defense counsel seeks to pursue a line of questioning related to excluded prior convictions to demonstrate specific bias, counsel may make a proffer outside the presence of the jury. At that time, after hearing direct

examination and defense counsel's proffered basis for the questioning, the Court will make a determination as to whether the questions are relevant and appropriate.

     SO ORDERED.

                                         *Richard J. Arcara*
                                        HONORABLE RICHARD J. ARCARA
                                        UNITED STATES DISTRICT COURT

Dated:   February 23, 2015