**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

DAVID ALLEN VICKERS,

                Petitioner,

        v.                                                  13-CR-0128-A
                                                          18-CV-0299-A

UNITED STATES OF AMERICA,              **DECISION AND ORDER**

                Respondent.

_____

      Petitioner David Vickers seeks relief pursuant to 28 U.S.C. § 2255. On March 23, 2016, the Court sentenced Petitioner principally to life imprisonment following his conviction of two counts of transporting a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) and (e). The Second Circuit affirmed Petitioner's conviction (Docket No. 180), and on February 20, 2018, Petitioner filed a petition for a writ of certiorari in the Supreme Court. *See* S. Ct. Docket No. 17-7905. That petition remains pending. Petitioner's conviction is, therefore, not "final" within the meaning of 28 U.S.C. § 2255(f)(1). *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.")

      "[T]here is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal." *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (emphasis omitted). However, "district courts in this Circuit have generally denied without prejudice as premature those § 2255 motions that are filed during the pendency of a direct appeal." *Rivera v. United States*, 16-CV-5238(KMW), 13-CR-424-

1

1(KMW), 2016 WL 9022576, at *1 (S.D.N.Y. Aug. 24, 2016) (collecting cases). This practice arises out of considerations "of judicial economy and the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity." *Outen*, 286 F.3d at 632. *See also Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968) ("We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances."); 1976 Advisory Committee Note to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.") (citing *Womack*, *supra*).

Petitioner states that he filed his § 2255 motion before exhausting his appellate remedies because his appellate attorney has "advised [Petitioner] that the only effective way to present [his arguments] into the record would be through a § 2255 petition." *See, e.g.*, Docket No. 181 at 4, 5, 7, 8. This argument—which applies to nearly all § 2255 motions—is not an "extraordinary circumstance[]" requiring a premature § 2255 motion.

Petitioner's § 2255 motion (Docket No. 113) is therefore denied without prejudice. Petitioner may still file a § 2255 motion once his conviction becomes final. For the sake of efficiency, and given the length of Petitioner's § 2255 motion, Petitioner may, upon the completion of his direct appeal (assuming the Supreme Court denies certiorari), notify the Court within the time limit established by 28 U.S.C. § 2255(f) that his appeal has become final. The Court will then deem Petitioner's § 2255 motion, dated February 16, 2018, to

have been refiled as of the date Petitioner notifies the Court that his direct appeal has become final.

Pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 18-CV-0299-A.

**SO ORDERED.**

Dated: March 6, 2018            _s/Richard J. Arcara_
    Buffalo, New York           HONORABLE RICHARD J. ARCARA
                                        UNITED STATES DISTRICT JUDGE