January 23, 2019

13-CR-128

18-CV-0299

DAVID ALLEN VICKERS

-v-

UNITED STATES OF AMERICA



MOTION TO OVERTURN CONVICTION

AND GRANT RELIEF UNDER RULE 60

Honorable Richard J. Arcara

I respectfully request the Court to Grant Relief Under Rule 60 and in conjunction with Petitioner's §2255 Motion.

[Terms and definitions are from Black's Law Dictionary]

<u>Fraud on Court</u> - A scheme to interfere with judicial machinery performing task of impartial adjudication, as by preventing opposing party from fairly presenting his case or defense.
Finding of fraud on the Court is justified only by most egregious misconduct directed to the Court itself such as bribery of a judge or jury to fabrication of evidence by counsel and must be supported by clear, unequivocal and convincing evidence. [See Petitioner's §2255 Motion document 181 and documents in 190, 194, 197 and 198]. Conduct so egregious that it undermines the integrity of the judicial process.

It is Fraud ON ~~to~~ the Court:

1. To Knowingly and willfully lie to a court.

2. To knowingly submit fraudulent and/or misleading documents to a court.

3. To have witnesses testify, that have been known to lie in legal matters in the past.

4. To have a witness testify, that has a potential to lie to the court.

5. To have a witness testify, that has bragged about how skillful they are at lying to judges.

6. To maliciously mislead a court.

7. To coerce and manipulate witnesses in to fabrication of false accusations.

8. To have witnesses change their allegations, when needed.

9. To compensate a witness for their false allegations.

10. And it is fraud on the court to suppress Brady Material.

All of this and more is exhibited in the Petitioner's §2255 Motion, then there is even more in the case file.

Intrinsic Fraud - That fraud which occurs within framework of actual conduct of trial and pertains to and affects determination of issues presented therein, and it may be accomplished by perjury, or by use of false or forged instruments, or by concealment or misrepresentation of evidence. Fraud is "intrinsic fraud" where judgment is founded on fraudulent instruments or perjured evidence or the

fraudulent actions pertain to an issue involved in original action and litigated therein.

When this case started, I tried to tell my Public Defenders, and others, that these allegations were false, and that my accusers, (Then was Jeremy Alwardt, Steven Sekuterski, and Toby Passmore) were lying. I even sent the court letters, before and after trial, trying to point out the facts and evidence of their lies, but no one wanted to listen to me or believe that someone would lie about such allegations. Well, look at what they did to Honorable Brett Kavanaugh. People do lie about such allegations for what ever sick and twisted agenda that They may have.

Late summer of 2013, when Matthew Alwardt was saying some things that were not true, I thought that it was his brother, Aaron Alwardt, that was influencing him to lie. But then in late 2013, about December of 2013, Matthew Alwardt took it all back and told investigators, Bryant Graham and Jennifer Dimitroff, that I, David Allen Vickers, never did anything sexual to him and that he never saw me do anything sexual to Jeremy Alwardt. [I would think that Matthew must have told Jennifer and Bryant who was influencing him to lie. Bryant and Jennifer never told me who it was.] When Matthew did this, he contradicted Jeremy Alwardt's allegations. Proving that Jeremy Alwardt was lying.

About fall of 2014, when Richard McKague began to allege abuse, and when I could read Kevin Czora's Grand Jury testimony, (exhibit 3513A and 3513B), I knew then that it was not Aaron Alwardt that was influencing the false allegation

from the accusers, it was Kevin Czora. The evidence of Kevin Czora's dirty deeds are so overwhelming and irrefutable.

[I know that there is a lot more evidence in the case file that proved I am innocent. So sure of it, that I believe there is even more evidence, in the case file, that proves I am innocent, than what I even know about.]

Before my mother's death, my mother instructed me not to seek revenge on my accusers. (This conversation is recorded on the jailhouse phone calls.) I assured my mother that I would not seek revenge, I would let the court deal with them. Because after all, it was the court that they, (the accusers), had lied to.

Respectfully,

David Allen Vickers

1/23/2019

A copy was sent to:

United States Attorney

Western District of New York

128 Delaware Avenue

Buffalo, New York 14202

IN The LeTTers I, DAvid Allen Vickers, sent To The Court Before and after Trial, I was Trying To express This Motion, under Rule 60.

David a. Vickers

# Rule 60. Relief from a Judgment or Order

**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

**(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

    **(3)** set aside a judgment for fraud on the court.

    **(e) Bills and Writs Abolished.** The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

**HISTORY:** Amended March 19, 1948; Oct. 20, 1949; Aug. 1, 1987; Dec. 1, 2007.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

David Allen Vickers
22-455-055
United States Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734

JAN 28 2019
BUFFALO

PHOENIX AZ 852
23 JAN 2019 PM 5 L



⇔22455-055⇔
Honorable Richard J Arcara
United States Courthouse
2 Niagara SQ
Buffalo, NY 14202
United States

14202-335099