UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID ALLEN VICKERS,

No. 18-CV-0299-FPG
No. 13-CR-0128-FPG

                                        Petitioner,          DECISION AND ORDER

    v.

UNITED STATES OF AMERICA,

                                        Respondent.

---

## INTRODUCTION

*Pro se* Petitioner David Allen Vickers has filed a Motion Under 28 U.S.C. § 2255 to
Vacate, Set Aside, or Correct Sentence, ECF No. 181, attacking the April 5, 2016 judgment
convicting him, following a jury trial, of two counts of attempted and actual transportation of a
minor in interstate and foreign commerce with intent to engage in criminal sexual activity with
such minor, in violation of 18 U.S.C. §§ 2423(a), (e). Vickers also has filed various motions for
miscellaneous relief. *See* ECF Nos. 197, 199, 200, 208. For the reasons discussed below, Vickers's
28 U.S.C. § 2255 ("Section 2255"), ECF No. 181; Motion for Evidentiary Hearing, ECF No. 197;
Motion to Amend/Correct Motion to Vacate, ECF No. 199; Motion to Overturn Conviction, ECF
No. 200; and Motion to Add Evidence to the Pending Motions, ECF No. 208, are DENIED.

## BACKGROUND

In a Second Superseding Indictment filed on November 5, 2014, Vickers was charged with
two substantive counts of transportation of a minor, involving conduct that occurred between April
1999 and 2005 (Count 1), and between June 15, 2005 and March 2007 (Count 2). Trial commenced
February 23, 2015, before U.S. District Judge Richard J. Arcara. Vickers was represented by two
attorneys from the Federal Public Defenders Office.

The Government called thirteen witnesses, including the two alleged victims of the crimes described in the Indictment, J.A. and R.M. The victims testified that Vickers was an over-the-road truck driver and that, as minor boys, they accompanied him on numerous interstate and foreign trucking trips. The victims further testified about how they were sexually abused by Vickers, both during those interstate trips and on other occasions in New York State, including at Vickers's residence and at his mother's residence. Two other individuals testified about sexual abuse, outside of the conduct charged in the Indictment, perpetrated on them by Vickers when they were minors. The testimony of all four victims revealed a consistent pattern by Vickers of targeting adolescent boys, who were troubled and had unstable home lives, as his victims. Vickers then would ply the boys with money and gifts their families could not otherwise afford to earn their trust and ensure their dependence on him. The chronologies provided by the victims showed that when Vickers's relationship with one victim ended, which was usually around the time that individual reached adulthood, Vickers would commence a similar relationship with a new, younger victim.

On March 4, 2015, the jury returned a verdict convicting Vickers of Count 1 and Count 2 of the Indictment. After the verdict but before sentencing, Vickers's defense attorneys renewed their motion for a judgment of acquittal or a new trial pursuant to Fed. R. Crim. P. 29(c)(1) and 33, respectively. Around the same time, Vickers filed numerous letters to the Court complaining about his defense attorneys' representation of him and protesting his innocence, asserting that the victims lied in their out-of-court statements and committed perjury at trial, and that the prosecutor, a police detective, and various other governmental agents encouraged or bribed the witnesses to fabricate accusations against him.

In his decision denying Vickers's motions, Judge Arcara found that both defense counsel had zealously and competently represented Vickers at trial, that the errors alleged were no more

than Vickers's mere disagreement with counsels' reasonable trial strategies, and that even if there were errors, Vickers was not prejudiced given the "overwhelming, credible and persuasive" evidence of his guilt. Accordingly, Judge Arcara rejected Vickers's bid for new counsel to be assigned for sentencing and denied his motions for judgment of acquittal or a new trial. ECF No. 138.

Sentencing was set for December 21, 2015. After several adjournments occasioned by Vickers's refusal to speak with his assigned attorneys or the Probation Office, new counsel was appointed. On March, 23, 2016, Judge Arcara sentenced Vickers to concurrent terms of 30 years and life imprisonment.

Represented by new counsel on appeal, Vickers urged reversal of his conviction on the following grounds: (1) the indictment failed to charge an essential element of his crimes of conviction; (2) certain prior act evidence was erroneously admitted; (3) the evidence was insufficient to sustain his convictions; and (4) his sentence of life imprisonment was substantively unreasonable. The Second Circuit rejected all of the contentions on the merits and affirmed the conviction on September 12, 2017. *United States v. Vickers*, 708 F. App'x 732 (2d Cir. 2017) (summary order).

While his petition for a writ of *certiorari* was pending before the Supreme Court, Vickers filed the instant Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. ECF No. 181. On March 6, 2018, the Court (Arcara, D.J.) denied the Section 2255 motion without prejudice because the writ of *certiorari* was still pending, and Vickers's conviction was not yet final. ECF No. 182.

On March 26, 2018, the Supreme Court denied *certiorari*. *Vickers v. United States*, 138 S. Ct. 1352 (2018). Vickers wrote a letter to the Court dated April 27, 2018, asking to include

additional material in his Section 2255 motion. ECF No. 184. In light of the fact that Vickers's conviction had become final, Judge Arcara deemed the original Section 2255 motion to be refiled, and construed the April 27, 2018 letter as an amendment to that application. ECF No. 185.

Vickers asserts the following grounds for relief in his Section 2255 motion: various "witnesses/accusers were coerced into fabricating false accusations and statements" (Ground One); the prosecutor committed misconduct before the grand and petit juries (Ground Two); three witnesses gave false statements to FBI agents and committed perjury at trial (Ground Three); and a Buffalo Police Department detective submitted false documents to the FBI and lied to the grand jury (Ground Four). *See* ECF No. 181 at 4-9.

Respondent filed its response on August 31, 2018, arguing that all of Vickers's claims are procedurally defaulted because they could have been, but were not, raised on direct appeal. ECF No. 188. Vickers filed a "rebuttal," ECF No. 190, in reply, followed by multiple additional—and redundant—submissions and motions. *See* ECF Nos. 197 (Motion for Evidentiary Hearing); 198 (Supplement to 2255 Motion); 199 (Motion to Amend Section 2255 Motion); 200 (Motion to Overturn Conviction Under Fed. R. Civ. P. 60); 201 (Continuation of Exhibits); 202 (Letter); 203 (Exhibit); 204 (Addendum); 205 (Addendum); 206 (Addendum); 207 (Letter); 208 (Motion to Add Evidence to Motion for Hearing and Motion to Overturn Conviction); and 209 (Addendum). The Government has not opposed any of the subsequent miscellaneous applications.

The matter was transferred to the undersigned on October 14, 2020.

## DISCUSSION

### I.    Section 2255

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). While the remedy provided by Section 2255 is "comprehensive, it does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, relief "is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Section 2255 provides that "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon. . . ." 28 U.S.C. § 2255. However, "'[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.'" *Armienti v. United States*, 234 F.3d 820, 822-23 (2d Cir. 2000) (quoting Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; alteration in original).

## II.    Procedural Default

"A § 2255 petition may not be used as a substitute for direct appeal." *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993) (*per curiam*) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, a claim that could have been, but was not, raised on direct appeal will be procedurally defaulted—and ineligible for habeas review—unless the petitioner "can first demonstrate either 'cause' [for the default] *and* actual 'prejudice' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted; emphasis supplied).

"Cause" means that the default resulted from circumstances "*external* to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original). To demonstrate "prejudice," the petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphases in original).

Finally, "[t]o establish actual innocence, [the] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)) (internal quotation marks and further quotation omitted). The inquiry under *Schlup* is "demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quotations omitted). To meet this exacting standard, the petitioner must present a claim of actual innocence that is both "credible" and "compelling." *Schlup*, 513 U.S. at 316. A "credible" claim is one based on "*new* reliable evidence . . . that was *not presented at trial*." *Id.* at 324 (emphases supplied). A claim is "compelling" if the petitioner shows it is "more likely than not, in light of the new evidence . . . [that] any reasonable juror would have reasonable doubt" as to his guilt. *House*, 547 U.S. at 538.

The Government argues that all of Vickers's claims are procedurally barred because he failed to pursue them on direct appeal, and cannot show either cause and prejudice, or that he is factually innocent of the charges of which he was convicted. *See* ECF No. at 4-7. The Court agrees that all the grounds for relief in Vickers's Section 2255 motion are record-based, making them amenable to review on direct appeal.

The only documents Vickers cites in support of his claims are trial exhibits, excerpts from the trial transcript, and other documents in the record. *See* ECF No. 181 at 13-14 (as "supporting

facts," listing various trial exhibits, including J.A.'s "autobiography" and J.A.'s and R.M.'s statements to investigators; and pages from the trial transcript); *id.* at 16-24 (citing trial exhibits and pages from trial transcript); *id.* at 25-36 (reproducing various trial exhibits and pages from the trial transcript, and Judge Arcara's February 23, 2015 decision on Fed. R. Evid. 609 evidence); *id.* at 37-145 (citing or reproducing pages from trial transcript and trial exhibits, and Judge Arcara's decision on Fed. R. Evid. 609 evidence).  All the documents that Vickers cites as proof of the alleged prosecutorial misconduct, collusion, perjury, and witness tampering in the grand jury and at trial were available at the time of the judgment, which means that he easily could have raised those claims on direct appeal. *See*, *e.g.*, *Earls v. United States*, No. 07 CIV. 5946 (NRB), 2007 WL 2826680, at *2 (S.D.N.Y. Sept. 27, 2007) (where it was "apparent from the record, and from the Petition, that petitioner could easily have raised" his habeas claim on appeal, since it was "based on the transcript record of his sentencing," petitioner was "not excused from his procedural default" and was not permitted to raise that claim in his Section 2255 motion) (footnotes omitted).

As "cause" for his failure to raise his grounds for habeas relief on direct appeal, Vickers contends that his appellate counsel advised him "the only effective way to present the evidence into the record would be through a § 2255 petition." ECF No. 181 at 4, 5, 7-8. However, the "evidence" Vickers cites essentially *is* the record on appeal; it did not come from outside the record, and therefore it could have been presented on direct review. Even accepting as true his allegation that appellate counsel so advised him, Vickers has demonstrated no more than mere "ignorance or inadvertence," *Coleman*, 510 U.S. at 753, by his attorney. However, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Id.* at 753-54 (quotation omitted); *see also*, *e.g.*, *United States v. Pipitone*, 67 F.3d 34, 38

(2d Cir. 1995) (holding that trial counsel's "ignorance of existing legal authority that arguably would have supported a downward departure for [the defendant] . . . cannot justify [his] failure to take a direct appeal in this case").

Vickers's failure to demonstrate "cause" obviates the need to consider the "prejudice" prong. *See*, *e.g.*, *Bridges v. United States*, No. 04 CIV. 2715 (HB), 2005 WL 1798084, at *2 (S.D.N.Y. Aug. 1, 2005) (finding that there was "no need to address the prejudice requirement" "in light of the Court's conclusion that [the Section 2255 petitioner] did not prove just cause" for failing to raise his claim on direct appeal) (citing *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985) ("Since a petitioner who has procedurally defaulted in state court must show both cause and prejudice in order to obtain federal habeas review, we need not, in light of our conclusion that there was no showing of cause, reach the question of whether or not Stepney showed prejudice.").

Finally, a "credible and compelling" claim of actual innocence is impossible on the record before the Court. First and foremost, Vickers has not presented any *new* evidence that was not presented at trial. As discussed above, the "evidence" consists solely of record-based documents, in particular, trial testimony and trial exhibits that were considered by the jury. Therefore, Vickers cannot demonstrate a "credible" claim of actual innocence. *See*, *e.g.*,  *Rivas v. Fischer*, 687 F.3d 514, 543 (2d Cir. 2012) ("What makes [a] claim [of actual innocence] 'credible,' as *Schlup* defines that term, is that it is based on new evidence—that is, evidence not heard by the jury[.]"); *Abrams v. United States*, No. 11-CV-672 ENV, 2012 WL 4086765, at *10 (E.D.N.Y. Sept. 17, 2012) (where Section 2255 petitioner "fail[ed] to present any new evidence" apart from an "implied recantation" of his admission of guilt, his actual innocence claim was "simply[] not credible") (citing *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004)) (other citations omitted).  The fact that the "evidence" offered by Vickers does not meet the "credible" prong of the *Schlup* standard is a

sufficient basis to find that he is not entitled to have his procedurally defaulted claims heard under the "actual innocence" exception. *See*, *e.g.*, *Diaz v. Bellnier*, 974 F. Supp.2d 136, 146 (E.D.N.Y. 2013) ("[T]he fact that the police records offered by Petitioner do not meet the first prong of the *Schlup* assessment as 'new reliable evidence' was a sufficient basis on which [the] habeas petition was denied.").

Even assuming that the various record-based documents cited by Vickers did meet the first prong of *Schlup*, they do not, and cannot, make it "more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538. The jury already heard and viewed the evidence that according to Vickers, proves the Government's witnesses were lying and he is actually innocent. In finding Vickers guilty beyond a reasonable doubt, the jury necessarily considered and rejected similar arguments urged by defense counsel as to why the witnesses were not credible and the evidence lacked probative force. Vickers's subjective disagreement with the jury's credibility assessments and weighing of the evidence does not present a cognizable claim on direct appeal, much less a compelling claim of actual innocence. *See Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996) ("[A]ssessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on appeal; we defer to the jury's assessments of both of these issues.") (citations omitted). At best, Vickers asserts a legal insufficiency argument couched as an actual innocence claim, which does not meet *Schlup*'s high bar. *See Bousley*, 523 U.S. at 623 ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

Moreover, the Second Circuit explicitly rejected Vickers's legal insufficiency of the evidence claim on appeal, finding that the Government presented "overwhelming evidence" of his guilt. *Vickers*, 708 F. App'x at 736. The "mandate rule" prevents Vickers from collaterally attacking not only his legal insufficiency claim, but also any issues that were implicitly resolved

9

by the Circuit when it rejected that claim. See *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) ("The mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate.").

### III.   Motion for Evidentiary Hearing (ECF No. 197)

Vickers argues that an evidentiary hearing is necessary to resolve his claims of collusion among the prosecutor and governmental agents to suborn perjury and coerce false statements from the victims and other witnesses who testified at trial. The Court's finding that the claims in the Section 2255 petition are all subject to an unexcused procedural default is a sufficient basis to deny Vickers's motion for an evidentiary hearing. Since habeas relief cannot be granted on a procedurally defaulted claim, a hearing would be a pointless exercise.

But, even on the assumption that there is no procedural barrier to habeas review, Vickers has failed to establish any "plausible" claims so as to justify an evidentiary hearing. *See, e.g.*, *Florez v. United States*, No. 07-CV-4965 (CPS), 2009 WL 2228121, at *11 (E.D.N.Y. July 24, 2009) ("An evidentiary hearing is necessary only where a petitioner establishes a 'plausible claim' of perjury—one not plainly disproved by the totality of evidence and that, if true, would entitle him to collateral relief.") (quoting *Armienti*, 234 F.3d at 824).

Vickers's allegations revolve around one central proposition—that his conviction is based entirely on perjured testimony and false statements. However, "[d]ifferences in recollection alone do not add up to perjury[,]" *United States v. Sanchez*, 969 F.2d 1409, 1415 (2d Cir. 1992) (citation omitted), and "[e]ven a direct conflict in [a witness's] testimony does not in itself constitute perjury." *United States v. Gambino*, 59 F.3d 353, 365 (2d Cir. 1995), *cert. denied*, 517 U.S (1996). Moreover, a demonstration that a witness presented perjured testimony does not allow a petitioner

to prevail if "there is no evidence that the government knew or should have known the testimony to be false." *United States v. Bortnovsky*, 879 F.2d 30, 33 (2d Cir. 1989) (citations and footnote omitted).

As Judge Arcara found, the victims, most of whom credibly testified they did not know each other at the time of the abuse or at the time of trial, provided "credible," "consistent," and "detailed" testimony about Vickers's *modus operandi* and the abuse he inflicted on them over the time-period at issue in the Indictment. *See* ECF No. 138 at 10-11. The victims whose abuse by Vickers was not charged in the Indictment provided "credible" testimony that "corroborated" the other victims' accounts. The veracity of the victims' testimony, as well as the testimony offered by the remaining Government witnesses, was extensively tested on cross-examination and then on appellate review.

Vickers has not come forward with "new evidence" that conflicts with the evidentiary record; rather, he simply argues that different conclusions should have been reached on this same record. This is insufficient to demonstrate a "plausible claim" that the witnesses perjured themselves, or that there was a conspiracy among the prosecutor and other governmental agents to coerce the witnesses into fabricating allegations against him. Because the record as it currently stands conclusively shows that Vickers is not entitled to habeas relief, the Court declines to hold an evidentiary hearing. *See Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) (stating that it is within district court's discretion to find an evidentiary hearing unnecessary). ECF No. 197 is DENIED.

## IV.      Miscellaneous Motions (ECF Nos. 199, 200 and 208)

In the Motion to Amend the Section 2255 Motion, ECF No. 199, Vickers accuses the prosecutor of eliciting testimony from his then-wife that he "look[ed] up statute of limitations,"

even though the prosecutor knew that Vickers "would profoundly refuse a statute of limitations." Vickers's allegations make no sense and certainly do not call into question the validity of his conviction and sentence. Because this allegation of prosecutorial misconduct is frivolous, permitting amendment would be futile. Accordingly, ECF No. 199 is DENIED.

The Motion to Overturn the Conviction, ECF No. 200, seeks relief under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). Vickers asserts that his accusers, by perjuring themselves, have committed fraud upon the Court; and that, by suborning perjury, the prosecutor and other governmental agents likewise have defrauded the Court. Because these claims duplicate the claims raised in the Section 2255 motion, they amount to attacks on the underlying conviction rather than the integrity of the habeas proceeding. As such, they are not proper matters for a Rule 60(b) motion. *See James v. United States*, 603 F. Supp. 2d 472, 482 (E.D.N.Y. 2009) ("A petitioner seeking to revisit his habeas petition through Rule 60(b) may only include claims that challenge the integrity of the previous habeas proceeding rather than the constitutionality of the underlying criminal conviction.") (citing *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002) (noting that "the court always has the alternative of simply denying, as beyond the scope of Rule 60(b), . . . the portion [of the Rule 60(b) motion] believed to present new attacks on the conviction)). Furthermore, because the relief sought falls under subsection (3) of Rule 60(b), which applies when there is alleged fraud, misrepresentation, or misconduct by an opposing party, the Motion to Overturn the Conviction is clearly untimely since it was filed on January 23, 2019, more than a year after the judgment became final. *See* Fed. R. Civ. P. 60(c)(1). ECF No. 200 is DENIED as outside the scope of Rule 60(b) and, in the alternative, as untimely.

In the Motion to Add Evidence to the Pending Motions, ECF No. 208, Vickers asserts that his two trial attorneys are guilty of misprision of a felony under 18 U.S.C. § 4 because they knew of the alleged misconduct by the prosecutor and the police detective who interviewed some of the victims. These allegations are wholly specious and do not alter the Court's decision that no evidentiary hearing is warranted. Accordingly, ECF No. 208 is DENIED.

## CONCLUSION

For the foregoing reasons, the Section 2255 Motion, ECF No. 181; the Motion for Evidentiary Hearing, ECF No. 197; the Motion to Amend/Correct Motion to Vacate, ECF No. 199; the Motion to Overturn Conviction, ECF No. 200; and the Motion to Add Evidence to the Pending Motions, ECF No. 208, are DENIED. Because Vickers has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED. The Clerk of Court is directed to close civil case No. 18-CV-0299-FPG.

IT IS SO ORDERED.

Dated: October 19, 2020
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court