UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                               Plaintiff,

           v.                            **DECISION AND ORDER**
                                                       13-CR-128-A

DAVID ALLEN VICKERS,

                               Defendant.
_____

Presently before this Court is Defendant David Allen Vickers's *pro se,* request seeking federal habeas relief pursuant to 28 U.S.C. § 2255. (Dkt. No. 218).

**I.**     **BACKGROUND**

The Court assumes familiarity with the underlying facts and history of this case, which are set forth in prior decisions by both this Court, *see*, *Vickers v. United States*, No. 13-CR-0128-FPG, 2020 WL 6135859, at *1 (W.D.N.Y. Oct. 19, 2020), and the Second Circuit. *See*, *Vickers v. United States*, No. 21-44, 2023 WL 4542513 (2d Cir. June 24, 2023)*; United States v. Vickers*, 708 F. App'x 732 (2d Cir. 2017).

Briefly, following a jury trial, Vickers was convicted of two counts of attempted and actual transportation of a minor in interstate commerce with the intent to have the minor engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) & (e). (3/4/2015, Dkt. Entry). On April 5, 2016, this Court entered a judgment of conviction sentencing Vickers principally to concurrent terms of imprisonment of 30 years and life. (Dkt. No. 152). Vickers appealed (Dkt. No. 149), and on September 12, 2017,

the Second Circuit affirmed Vickers's conviction and sentence. *United States v. Vickers*, 708 F. App'x 732 (2d Cir. 2017). Vickers thereafter filed a *writ of certiorari* with the United States Supreme Court.

While that *writ of certiorari* was pending, Vickers, on February 26, 2018, Vickers filed a motion to vacate, set aside or correct sentenced pursuant to 28 U.S.C. § 2255. (Dkt. No. 181).  On March 6, 2018, this Court denied the petition without prejudice because the *writ of certiorari* was still pending, and Vickers's conviction was not yet final. (Dkt. No. 182). On March 26, 2018, the Supreme Court denied Vickers's petition for *certiorari*. *Vickers v. United States*, 138 S.Ct. 1352 (2018). On April 16 and April 27, 2018, Vickers wrote letters to the Court, asking that his § 2255 petition be reinstated, and that additional material be included in the record. (Dkt. Nos. 183, 184). This Court concluded that because Vickers's conviction was now final, it would deem the previous section 2255 petition as refiled and Vickers's April 27th letter was construed as an amendment to the earlier petition. (Dkt. No. 185). Thereafter, the Government responded (Dkt. No. 188), and Vickers filed numerous documents/motions in reply.  See, Dkt. Nos. 197 (Motion for Evidentiary Hearing); 198 (Supplement to 2255 Motion); 199 (Motion to Amend Section 2255 Motion); 200 (Motion to Overturn Conviction Under Fed. R. Civ. P. 60); 201 (Continuation of Exhibits); 202 (Letter); 203 (Exhibit); 204 (Addendum); 205 (Addendum); 206 (Addendum); 207 (Letter); 208 (Motion to Add Evidence to Motion for Hearing and Motion to Overturn Conviction); and 209 (Addendum).  The petition

was subsequently referred to the Hon. Frank P. Geraci, Jr., United States District Judge for the Western District of New York.

On October 19, 2020, Judge Geraci issued a written decision denying Vickers's § 2255 motion based on unexcused procedural default, denying his motion for an evidentiary hearing, denying as untimely his motion pursuant to Rule 60, and denying a certificate of appealability because he failed to make a substantial showing of the denial of a constitutional right. (Dkt. No. 210; *see*, *Vickers v. United States*, No. 13-CR-0128-FPG, 2020 WL 6135859 (W.D.N.Y. Oct. 19, 2020)). Thereafter, Vickers filed a motion with the Second Circuit Court of Appeals for a certificate of appealability, which was denied by that Court on July 21, 2021. (Dkt. No. 217; *see*, *Vickers v. United States*, No. 21-44, 2023 WL 4542513 (2d Cir. June 24, 2023)).

On May 9, 2022, Vickers filed a successive § 2255 motion in the Eastern District of Pennsylvania under case number 22-cv-1892. *See* E.D.Pa. Docket # 22-cv-1892, Dkt. No. 1). On June 22, 2022, based on the absence of any connection to that district, the Hon. Joseph F. Leeson, Jr., United States District Judge for the Eastern District of Pennsylvania, transferred Vickers's successive § 2255 motion to this Court. (Dkt. No. 220-1). Vicker's successive § 2255 motion (Dkt. No. 218) and related documents (Dkt. No. 220) were thereafter filed on this Court's docket.  The Government responded (Dkt. No. 222), and Vickers replied. (Dkt. No. 223).

## II.    DISCUSSION

A second or successive motion is authorized when the petition contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1). But before a second or successive application for habeas corpus may be filed in the district court, the applicant is required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" function requirement is meant to prevent abuse of the habeas writ. *See Corrao v. United States*, 152 F.3d 188, 190 (2d Cir. 1998).

A district court has no power to entertain a second or successive section 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court. *See* 28 U.S.C. § 2244(b)(3). Because Vickers's instant 2255 petition "raises claims concerning the same conviction to which his prior § 2255 motion was addressed," *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (*per curiam*), it is considered second or successive. As Vickers has not sought or obtained the required authorization from the court of appeals to file this second or successive section 2255 motion, this Court lacks jurisdiction, and the petition must be transferred to the Court of Appeals for the Second Circuit, to determine whether it may proceed in this Court. *See Liriano v. United States*, 95 F.3d at 123.

### III.    **CONCLUSION**

The Clerk of Court shall close the district court file and, in accordance with the requirements of 28 U.S.C. § 2255 and *Liriano*, and pursuant to 28 U.S.C. § 1631, **TRANSFER** this petition for writ of habeas corpus (Dkt. No. 218) to the United States Court of Appeals for the Second Circuit to determine whether the claim raised in the petition should be considered by this Court.

**IT IS SO ORDERED.**

                                           *s/Richard J. Arcara*
                                           HONORABLE RICHARD J. ARCARA
                                           SENIOR U.S. DISTRICT JUDGE

Dated:  April 15, 2024
         Buffalo, New York.