UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                Plaintiff,

                                                                **DECISION AND ORDER**
      v.                                                                13-CR-128-A

DAVID ALLEN VICKERS,

                Defendant.
_____

      Pending before this Court is David Allen Vickers most recent *pro se* pleading entitled "Motion Under Rule 60(d)(3) - 'Fraud on the Court'." Dkt. #229. Such motion was preceded by numerous prior *pro se* motions filed by Mr. Vickers.[1] Although this Court must construe motions filed by *pro se* individuals such as Mr. Vickers liberally, see <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), "the Court need not act as an advocate for *pro se* litigants." *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998). Throughout his motion, Mr. Vickers refers both to Rule 60(d)(3), which

---

[1] Mr. Vickers' unresolved prior *pro se* motions include: "a motion to extend or suspend time constraints," see, Dkt. #211; "a motion to grant a certificate of appealability," see, Dkt. #212; a "motion to add document groups 1-8 to docket," see, Dkt. #220; and "a motion for discovery." Dkt. #228. To the extent that such motions all were directed toward various aspects covered in his most recent motion, *i.e.,* Dkt. #229, this Court's decision on that motion necessarily resolves the various requests for relief set forth in all of Mr. Vickers' unresolved *pro se* motions.

involves allegations of fraud on the Court,[2] and Rule 60(b)(3), which involves allegations of fraud by an opposing party.[3]

In his motion, Mr. Vickers is plainly challenging the validity of his conviction. See, Dkt. #229, pp. 1-2 ("Will the Court say Fraud on the Court, by the Prosecution, is acceptable when the Jury convicts? Fraud on the Court is Fraud on the Court, it should not make a difference when and/or how Fraud on the Court is proven especially when the Fraud on the Court caused a wrongful conviction.").

Nevertheless, challenges to the validity of a conviction or sentence such as that asserted by Mr. Vicker's in the instant motion can come "only on direct appeal or collateral review, which have specifically calibrated procedural limitations. See, e.g., 28 U.S.C. § 2255." *United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024).

---

[2] Relief under Rule 60(d)(3) is available only when fraud "seriously affects the integrity of the normal process of adjudication." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 20020. "Fraud upon the court should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *King v. First Am. Investigations*, Inc., 287 F.3d at 95 (citations and quotations omitted).

[3] Under Rule 60(b)(3), the Court is empowered to relieve a party from a final judgment, order, or proceeding because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail on a Rule 60(b)(3) motion, a movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.' " *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (citation omitted). A Rule 60(b)(3) motion "cannot serve as an attempt to relitigate the merits." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

Thus, to the extent that Mr. Vicker's motion contests the validity of his conviction, this Court has little choice but to treat it as one asserted pursuant to § 2255.

However, the Court notes that Mr. Vicker's has previously unsuccessfully challenged the validity of his conviction and sentence not only on direct appeal, see, *United States v. Vickers*, 708 F. App'x 732 (2d Cir. 2017), but also through at least two prior unsuccessful § 2255 motions.  Specifically, on October 19, 2020, Judge Geraci of this Court issued a written decision denying Mr. Vickers's § 2255 motion based on unexcused procedural default, denying his motion for an evidentiary hearing, denying as untimely his motion pursuant to Rule 60, and denying a certificate of appealability because he failed to make a substantial showing of the denial of a constitutional right. See, Dkt.#210;  *Vickers v. United States*, No. 13-CR-0128-FPG, 2020 WL 6135859 (W.D.N.Y. Oct. 19, 2020)). Thereafter, Mr. Vickers filed a motion with the Second Circuit Court of Appeals for a certificate of appealability, which was denied by that Court on July 21, 2021. See, Dkt.# 217; *Vickers v. United States*, No. 21-44, 2023 WL 4542513 (2d Cir. June 24, 2023)).

Thereafter, Mr. Vickers, on May 9, 2022, filed a successive § 2255 motion in the Eastern District of Pennsylvania under case number 22-cv-1892. (See E.D.PA. Docket # 22-cv-1892, Dkt. #1). On June 22, 2022, based on the absence of any connection to that District, the Hon. Joseph F. Leeson, Jr., United States District Judge for the Eastern District of Pennsylvania, transferred Vickers's successive § 2255 motion to this Court. Dkt. #220-1.  Mr. Vicker's successive § 2255 motion (Dkt. No. 218) and related documents (Dkt.#220) were thereafter filed on this Court's

3

docket. On April 15, 2024, this Court issued a Decision and Order which, in accordance with the requirements of 28 U.S.C. § 2255 and *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (*per curiam*), and pursuant to 28 U.S.C. § 1631, transferred Mr. Vicker's second or successive § 2255 motion to the Second Circuit. Dkt. #224.

With his second § 2255 motion having been transferred to the Second Circuit, Mr. Vicker's apparently turns to the Federal Rules of Civil Procedure for relief. However, neither a Rule 60(b) motion nor 60(d) motion provide "an appropriate vehicle for defendant's attempt to vacate his criminal conviction because the Federal Rules of Civil Procedure govern suits of a civil nature." *United States v. Pope*, 124 F. App'x 680, 681 (2d Cir. 2005) (internal quotation marks and citations omitted)(referring to Rule 60(b)); *Millan v. United States*, No. 09 CIV. 10014 RMB, 2011 WL 5169443, at *4 (S.D.N.Y. Oct. 31, 2011)(referring to Rule 60(d)).

In *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004), the Second Circuit held that "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." (citing *Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir. 2001)). "A motion challenges 'the integrity of the federal habeas proceedings'—and is thus properly brought under Rule 60(b)—when, for example, it asserts that 'a court erroneously avoided deciding the merits of a claim for reasons such as failure to exhaust, procedural default, or statute-of-limitations bar.' " *Lin v. Lamanna*, No. 18-cv-5005(AMD), 2022 WL 3647566, at *2 (E.D.N.Y. Aug. 24, 2022)

4

(quoting *Robles v. Lempke*, No. 09-cv-2636(AMD), 2018 WL 1320657, at *4 (E.D.N.Y. Mar. 14, 2018)).

Where a purported Rule 60(b) motion is actually "attack[ing] the underlying conviction," the district court has two options: it may treat the motion as either (1) " 'a second or successive' habeas petition" and transfer it to the Court of Appeals for possible certification, or (2) "deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).' " *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2004)). Here, because the claims Mr. Vicker's seeks to raise in the instant motion relate to the validity of his criminal conviction and the integrity of his trial as opposed to the integrity of his federal habeas corpus proceeding, his motion is beyond the scope of Rule 60 and is, therefore, **DENIED** on that basis.[4]

Even if Mr. Vickers could challenge his conviction under Rule 60(d)(3), his motion would fail. To be entitled to relief under Rule 60(d)(3), Mr. Vickers "must prove, by clear and convincing evidence, that the [government] interfered with the judicial system's ability to adjudicate impartially and that the acts of the [government] must have been of such a nature as to have prevented [him] from fully and fairly presenting a case or defense." *Mazzei v. The Money Store*, 62 F.4th 88, 93-94 (2d

---

[4] As courts in this Circuit have observed, "it is not yet crystal clear" whether this rule governing Rule 60(b) motions also applies to Rule 60(d) motions, though numerous district courts in this circuit have suggested that it does. See, *United States v. Perez*, No. 11 CR. 755 (JFK), 2019 WL 2343654, at *1,n.1 (S.D.N.Y. June 3, 2019)(collecting cases). Considering that ambiguity and "to avoid the possibility of an unnecessary remand," the Court follows the decisions of those Courts and addresses the merits of Mr. Vicker's motion as well. *Id*.

Cir. 2023). Mr. Vicker's allegations amount to nothing more than a challenge to the credibility of the witnesses who testified against him and the reliability of the evidence presented against him at his trial. Yet, "the credibility and veracity of a witness[es] at issue in an original proceeding cannot be later challenged by way of an independent action." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988). In *Gleason*, the plaintiff commenced an action under Rule 60 seeking set aside a prior judgment because he alleged that it was procured through perjury and fraudulent withholding of evidence. *Id*. at 557. The district court dismissed the action concluding that subsequently discovered evidence of perjury by a witness and nondisclosure of evidence "were intrinsic to the prior proceeding and therefore did not rise to the level of fraud on the court." *Id*. at 558. In affirming the dismissal of Plaintiff's Rule 60(d)(3) claim, the Second Circuit found it significant that plaintiff had an opportunity in the prior proceeding to uncover the alleged fraud because the issues upon which the defendants allegedly provided false testimony were before the court in the prior proceeding. *Id*. The same rationale applies here, as Mr. Vicker's motions relies on materials which were provided to him as part of the discovery he received in his criminal case to support his claims of fraud.

Even assuming *arguendo* that Mr. Vickers could establish that some of the evidence submitted in support of his motion was discovered after his criminal trial, it is not enough to show that a judgment "has simply been 'obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury.' " *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d

Cir. 1972) (per *curiam*) (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 245 (1944)); see also *Gleason*, 860 F.2d at 556 ("[N]either perjury nor nondisclosure, by itself, amount[] to anything more than fraud involving injury to a single litigant."). Instead, the court's power to set aside a judgment for fraud on the court applies only to "that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id*. (quoting 7 Moore, Federal Practice ¶ 60.33 at 515 (2d ed.1971)).

At his criminal trial, Mr. Vickers was provided with a full and complete opportunity to test the credibility of the witnesses who testified against him and the reliability of the evidence introduced against him. That the jury saw things differently than him hardly establishes by clear and convincing evidence that a fraud was perpetrated upon this Court.

For the foregoing reasons, this Court determines that whether construed as motion under either Rule 60(b) or 60(d), Mr. Vicker's motion (Dkt. #229) is **DENIED**; and it is further

**ORDERED**, that a certificate of appealability (COA) shall **not** issue; and it is further

**ORDERED**, that Mr. Vicker's outstanding prior *pro se* motions, including his: motion to extend or suspend time constraints (Dkt. #211);  motion to grant a

certificate of appealability (Dkt. #212); motion to add document groups 1-8 to docket (Dkt. #220); his motion for discovery (Dkt. #228), are all **DENIED** as moot; and it is further

**ORDERED**, that Mr. Vickers is hereby enjoined from making further filings in this or any other case in this District except notices of appeal, notices of change of address, or documents the Court orders him to file without first obtaining the Court's permission. If Mr. Vickers wishes to file something, he shall include, along with the document he wishes to file, a copy of this order and a separate Request for Permission Pursuant to Court Order, which acknowledges both that: (1) he has been barred from filing any documents of any type (other than those noted above) without first obtaining permission from the Court, and (2) he is, in fact, requesting permission to file a document notwithstanding the prohibition against future filings. The Court certifies that any appeal would not be taken in good faith and, therefore leave to appeal to the Court of Appeals as a poor person is denied.

**SO ORDERED**.

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
SENIOR U.S. DISTRICT JUDGE

Dated: January 17, 2025
Buffalo, New York.